Patricia A. Shiu, State Bar No. 104894
Elizabeth Kristen, State Bar No. 218227
Sharon Terman, State Bar No. 237236
THE LEGAL AID SOCIETY-
EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA 94107
Telephone: (415) 864-8848
Facsimile: (415) 864-8199

Attorneys for Plaintiff
Hong Lu

William Kwong, State Bar No. 168010
Ai Mori, State Bar No. 208618
MINAMI, LEW & TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108-4903
Telephone: 415-788-9000
Facsimile: 415-398-3887

Attorneys for Defendants
Sheng Kee Bakery & Café and Karl Wen

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| HONG LU, | Case No. C 05 2978-EDL |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| SHENG KEE OF CALIFORNIA, INC. d/b/a SHENG KEE BAKERY AND CAFÉ, and KARL WEN, | |
| Defendants. | |

Whereas the parties, by and through their attorneys of record, stipulate to the following protective order:

A.     CONFIDENTIAL MATERIAL. As used herein, the term CONFIDENTIAL MATERIAL includes any document that is supplied by the supplying party, and that the supplying party asserts contains private, including medical or related personal information,

CASE NO. C 05 2978-EDL
STIPULATED PROTECTIVE ORDER                                                            Page 1

proprietary, non-public, trade secret, confidential, and/or sensitive documents, and the information contained therein.

B.  DESIGNATION. Any CONFIDENTIAL MATERIAL supplied shall be labeled by the supplying party as "CONFIDENTIAL."

C.  CHALLENGE TO DESIGNATION. A party shall not be obligated to challenge the propriety of a document's designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the designation of any information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the designating party asserting confidentiality shall have the burden of showing the propriety of such designation. A document as to which confidentiality is disputed shall be treated as a CONFIDENTIAL MATERIAL until the Court issues a ruling permitting disclosure, or the party claiming confidentiality withdraws that claim in writing.

D.  QUALIFIED PERSON -- CONFIDENTIAL MATERIAL. With respect to CONFIDENTIAL MATERIAL, a "QUALIFIED PERSON" is included in one of the following categories: (1) all counsel of record engaged in the litigation of this matter on behalf of a party, including attorneys and their employees assisting in this matter; (2) experts, consultants, investigators, or other non-party agents who are assisting counsel in the litigation of this matter on behalf of a party; or (3) the parties themselves, or in the case where the party is a corporation, corporate officers and directors of the party who are, in the opinion of counsel, necessary to assist counsel in the preparation of this case.

E.  DISCLOSURE. Any document containing CONFIDENTIAL MATERIAL shall be disclosed only to persons qualified to review such MATERIAL, as specified in paragraph D, who shall have read this Stipulated Protective Order and who shall agree to be bound by the terms hereof.

F.  MAINTENANCE IN CONFIDENCE. Any QUALIFIED PERSON to whom any CONFIDENTIAL MATERIAL has been disclosed shall agree to maintain such MATERIAL in confidence and not to reveal any such MATERIAL to anyone other than a person qualified to review such MATERIAL, as specified in paragraph D.

G.  USE LIMITED TO LITIGATION OF THIS MATTER. Any QUALIFIED PERSON to whom any CONFIDENTIAL MATERIAL has been disclosed shall agree not to use any such MATERIAL except in connection with the litigation of this case.

H.  USE IN DEPOSITION. Documents designated as "CONFIDENTIAL" may be used in depositions, subject to the terms of this agreement.

I.  CUSTODY OF DOCUMENTS CONTAINING CONFIDENTIAL MATERIAL. All documents of any kind containing CONFIDENTIAL MATERIAL, including notes or other records regarding the content thereof, shall be maintained in the custody of counsel of record, and no partial or complete copies thereof shall be retained by anyone else, except that:

(1) Parties as referred to in paragraph D(3) may retain "CONFIDENTIAL" MATERIAL to the extent deemed necessary by their respective counsel, provided that parties return such MATERIAL to such counsel once retention is no longer necessary or pursuant to the provisions of paragraph L, whichever comes first.

(2) Experts, consultants, investigators, or non-party agents as referred to in paragraph D(2) may retain CONFIDENTIAL MATERIAL on a temporary basis for purposes of study, analysis, and preparation of the case, provided that such an expert, consultant, investigator, or non-party agent returns to the respective counsel said CONFIDENTIAL MATERIAL, including records, notes or copies containing such MATERIAL, upon the completion of the work related thereto, and agrees in writing to be bound by the terms of this Stipulated Protective Order by signing an acknowledgment in substantially the following form:

I hereby acknowledge that I, [name], am about to receive CONFIDENTIAL MATERIAL related to the case Hong Lu v. Sheng Kee Bakery & Café. I certify my understanding that such

MATERIAL is provided pursuant to the terms and restrictions of the Stipulated Protective Order of [date]. I have been given a copy of this Order, have read it, and agree to be bound by the terms thereof. I understand that such CONFIDENTIAL MATERIAL, and any notes or records regarding the content of such MATERIAL, shall not be disclosed to others, except as permitted under the terms of said Stipulated Protective Order.

J. DEPOSITION TRANSCRIPTS. When CONFIDENTIAL MATERIAL is contained, incorporated or discussed in a deposition transcript, arrangement shall be made with the court reporter to bind the confidential portions of the transcript separately and label it in substantially the following form:

CONFIDENTIAL -- SUBJECT TO COURT ORDER. This transcript contains CONFIDENTIAL MATERIAL not to be opened or the contents thereof to be displayed or revealed except by an Order of the Court.

A party filing a portion of a deposition transcript designated confidential with the Court under seal must do so in accordance with the requirements of paragraph K. Further, nothing in this paragraph shall prevent the disclosure of such a confidential portion of a deposition transcript to a person qualified to review such a portion, as specified in paragraphs D and E.

K. COURT FILINGS. Documents containing CONFIDENTIAL MATERIAL may be filed under seal in accordance with Northern District Court of California local rule 79-5.

Nothing in this paragraph shall prevent the disclosure of such confidential filings to a person qualified to review such a filing, as specified in paragraphs D and E. Nothing in this paragraph is intended to direct or limit the internal procedures of the Court to provide access to sealed materials to appropriate court personnel.

L. RESOLUTION OF ACTION. Upon final resolution of this action, all CONFIDENTIAL MATERIAL (including CONFIDENTIAL MATERIAL that has been incorporated in documents, such as correspondence and memoranda), may be retained only by counsel for the parties. All persons in the possession of any CONFIDENTIAL MATERIAL

supplied by an opposing party must return such material to the receiving party's counsel for retention or destruction, at the option of such counsel. CONFIDENTIAL MATERIAL retained by counsel after the final resolution of this action may not be copied or disclosed to any person.

   M.   NO UNAUTHORIZED DISCLOSURE ABSENT COURT ORDER. No unauthorized disclosure of CONFIDENTIAL MATERIAL shall be made, absent a Court Order.

   The parties stipulate to the foregoing:

Dated:   December 21, 2005

                                        Patricia A. Shiu
                                        Elizabeth Kristen
                                        Sharon Terman
                                        THE LEGAL AID SOCIETY
                                        EMPLOYMENT LAW CENTER


                              By:   /s/ Sharon Terman
                                        Sharon Terman

                                        Attorney for Plaintiff
                                        HONG LU

William Kwong
Ai Mori
MINAMI, LEW & TAMAKI, LLP

By: _____

William Kwong

Attorney for Defendants
Sheng Kee Bakery & Café and Karl Wen

1  Pursuant to General Order No. 45 X. (B), I attest that concurrence in the filing of this document
2  has been obtained from Defendant's counsel.

4  Dated:    December 21, 2005

Patricia A. Shiu
Elizabeth Kristen
Sharon Terman
THE LEGAL AID SOCIETY
EMPLOYMENT LAW CENTER

By:  */s/ Sharon Terman*
     Sharon Terman

Attorney for Plaintiff
HONG LU

1  Pursuant to stipulation.  IT IS SO ORDERED.
2  Dated: January 30, 2006
3   D. Laporte

CASE NO. C 05 2978-EDL
STIPULATED PROTECTIVE ORDER                                                                 Page 8