1

2

3

4

5

6

7

8

Patricia A. Shiu, State Bar No. 104894
Elizabeth Kristen, State Bar No. 218227
Sharon Terman, State Bar No. 237236
THE LEGAL AID SOCIETY-
EMPLOYMENT LAW CENTER
600 Harrison St., Suite 120
San Francisco, CA  94107
Telephone:  (415) 864-8848
Facsimile:  (415) 864-8199

Attorneys for Plaintiff
Hong Lu

William Kwong, State Bar No. 168010
Ai Mori, State Bar No. 208618
MINAMI, LEW & TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108-4903
Telephone: 415-788-9000
Facsimile: 415-398-3887

Attorneys for Defendants
Sheng Kee Bakery & Café and Karl Wen

9

10

11

12

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

13

14

15

16

17

18

19

20

21

22

HONG LU,

            Plaintiff,

      v.

SHENG KEE OF CALIFORNIA, INC. d/b/a
SHENG KEE BAKERY AND CAFÉ, and
KARL WEN,
            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. C 05 2978-EDL


ORDER OF DISMISSAL WITH
CONTINUING JURISDICTION

23

24

25

26

27

28

29

        WHEREAS, Plaintiff filed this lawsuit on September 20, 2005, alleging discrimination, including harassment, on the basis of race and national origin in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended; discrimination, including harassment, on the basis of national origin, language, and sex, and failure to prevent or remedy discrimination or harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended

CASE NO.  C 05 2978-EDL
ORDER OF DISMISSAL WITH CONTINUING JURISDICTION                              Page 1

("Title VII"), and the Fair Employment and Housing Act, California Government Code § 12900 et seq. ("FEHA"); discrimination, including harassment, on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") and the FEHA; and retaliation in violation of 42 U.S.C. § 1981, Title VII, ADEA, the FEHA, and various common law claims;

WHEREAS, after extensive mediation and negotiation, the parties have reached a resolution of all claims, which is memorialized in a settlement agreement;

WHEREAS, pursuant to the express terms of the above-described settlement agreement, the parties have agreed that the Court will exercise its continuing jurisdiction over the Defendant Sheng Kee Of California, Inc. d/b/a Sheng Kee Bakery And Café according to the terms specified below;

WHEREAS, the agreement between the Plaintiff and the Defendants contains the following provision regarding provision of training for employees:

Sheng Kee agrees to conduct training sessions on discrimination and harassment (in appropriate languages spoken by 10 percent or more of the Sheng Kee workforce) for all its supervisory employees.  The sessions will be led by a qualified attorney from Minami, Lew & Tamaki, LLP, or any other qualified attorney of Sheng Kee's choice, and shall address the applicable laws and regulations surrounding harassment and discrimination, including, Title VII and the Fair Employment and Housing Act as well as applicable company policies.  Qualified attorney shall mean a member in good standing of the California Bar who has knowledge of California and federal laws prohibiting unlawful harassment, discrimination and retaliation and has at least 3 years of legal experience in the areas of harassment, discrimination and retaliation. The training shall include written materials (in appropriate languages spoken by 10 percent or more of the Sheng Kee workforce), including, but not limited to, Sheng Kee's personnel policies and complaint procedure.  The first three trainings shall last three hours and the remaining training shall

last two hours and must be interactive, include hypothetical situations and allow for questions from attendees.  Prior to the commencement of the first training, LAS-ELC shall have 15 days to review the training materials and offer comment.  Defendants shall make reasonable changes to the materials based on LAS-ELC's input.  The first such session shall occur within six months of the execution of this Agreement.  The second session shall occur by the end of 2008.  The third session shall occur by the end of 2010.  The fourth session shall occur by the end of 2012.  Sheng Kee shall maintain a list of each employee that has attended the training and the length of their attendance and shall, within two weeks of the completion of each training session, inform LAS-ELC by letter that the training has been conducted and shall inform counsel as to the names of employees trained at that session.  In addition, for all new employees hired after December 1, 2006, Sheng Kee shall provide to them, in an appropriate language, a written one page summary of the company's policy on discrimination and harassment as well as the company complaint procedure including phone numbers of the persons to whom complaints may be directed.  The employee shall be afforded time to review the policy and ask any questions about it.  The employee then shall initial each paragraph to indicate he or she has reviewed it and shall be provided a copy of it.  Prior to December 1, 2006, LAS-ELC shall have 15 days to review the written one page summary and offer comment.  Defendants shall make reasonable changes to the summary based on LAS-ELC's input.

WHEREAS, the agreement between the Plaintiff and the Defendants contains the following provision regarding policy revisions:

Within ninety days of execution of this Agreement, Sheng Kee will revise its discrimination and harassment policies to explain what constitutes discrimination and harassment (including providing examples) and to provide a clear, coherent and detailed

complaint procedure that allows an employee to bypass his or her manager and complain to a corporate representative.  Appropriate corporate designees to receive complaints shall be listed by name and phone number in the policies.  The policies also shall set forth a detailed investigation procedure for complaints of harassment and discrimination including designating who is charged with investigating such complaints and a reasonable time frame during which such investigation should be completed.  The LAS-ELC shall be afforded an opportunity to review the policy revisions and offer comment. Sheng Kee shall make reasonable changes to the materials based on LAS-ELC's input. Once finalized, these policies shall be completely translated into Chinese (and any other appropriate languages spoken by 10 percent or more of the Sheng Kee workforce) and copies provided to all employees at Sheng Kee within ninety days.

THEREFORE, this Court ORDERS as follows:

1.      Consistent with the above-incorporated provisions, and without affecting the finality of this Final Order of Dismissal, this Court shall retain continuing and exclusive jurisdiction to enforce the training and policy provisions of the agreement and the authority to make whatever orders are necessary to enforce compliance with said terms by the parties;

2.      Plaintiffs' counsel may seek reasonable attorneys' fees and costs via fee petition to this Court for any action taken to enforce compliance with said terms;

1    3.    As to all other matters not described above, this ORDER constitutes a Final Order

2  of Dismissal in this case.

3

4

Dated:    August 29, 2006

5                                                    Patricia A. Shiu
                                                     Elizabeth Kristen
6                                                    Sharon Terman
                                                     THE LEGAL AID SOCIETY
7                                                    EMPLOYMENT LAW CENTER

8

9                                    By:    ____/s/  Elizabeth Kristen_____
10                                          Elizabeth Kristen

11                                          Attorney for Plaintiff
                                            HONG LU
12

13

14                                          William Kwong
                                            Ai Mori
15                                          MINAMI, LEW & TAMAKI, LLP

16

17                                   By:    ____/s/ William Kwong_____
18                                          William Kwong

19                                          Attorney for Defendants
20                                          Sheng Kee Bakery & Café and Karl Wen

21

22

23

24

25

26

27

28

29

CASE NO.  C 05 2978-EDL
ORDER OF DISMISSAL WITH CONTINUING JURISDICTION                              Page 5

Pursuant to General Order No. 45 X. (B), I attest that concurrence in the filing of this document
has been obtained from Defendant's counsel.

Dated:    August 29, 2006

Patricia A. Shiu
Elizabeth Kristen
Sharon Terman
THE LEGAL AID SOCIETY
EMPLOYMENT LAW CENTER


By:        /s/  Elizabeth Kristen
Elizabeth Kristen

Attorney for Plaintiff
HONG LU

1

**ORDER**

2

3    IT IS SO ORDERED.

4

5    Dated:  _August 30, 2006_____                    _____

6                                                                                           Laporte

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

CASE NO.  C 05 2978-EDL
ORDER OF DISMISSAL WITH CONTINUING JURISDICTION                          Page 7